UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-14033-CR-GRAHAM/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KYLE EBRITE WILLIAMS,

    Defendant.
_____/



FILED by _____ D.C.

OCT 31 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

### REPORT AND RECOMMENDATION ON PRELIMINARY HEARING AND FINAL EVIDENTIARY HEARING IN RESPECT TO SUPERSEDING PETITION ALLEGING VIOLATIONS OF SUPERVISED RELEASE

**THIS CAUSE** having come to be heard on October 31, 2013 for a preliminary hearing and a final evidentiary hearing in respect to the Superseding Petition alleging violations of supervised release, and this Court having conducted a hearing recommends to the District Court as follows:

1. The Superseding Petition in this matter alleges the following violations:

| | |
|---|---|
| **Violation Number 1** | **Violation of Mandatory Condition**, by failing to refrain from a violation of the law. On or about July 5, 2013, in Highlands County, Florida, the defendant committed the offense of driving while license suspended, contrary to Florida Statute 322.34. |
| **Violation Number 2** | **Violation of Standard Condition**, by failing to notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. On or about July 5, 2013, the defendant was arrested by the Highlands County Sheriff, Sebring, Florida, and he failed to advise the U.S. Probation Officer until July 15, 2013. |

|  |  |
|---|---|
| **Violation Number 3** | **Violation of Mandatory Condition**, by failing to refrain from a violation of the law. On or about July 18, 2013, in Highlands County, Florida, the defendant committed the offense of grand theft, contrary to Florida Statute 812.0142c2. |
| **Violation Number 4** | **Violation of Standard Condition**, by failing to notify the probation office of any change in residence. On July 17, 2013, the defendant advised he was moving to his mother's residence at 4410 Alcantarra Avenue, Sebring, Florida, when in fact he did not and his present whereabouts are unknown. |

2. Counsel for the Defendant advised that while the Defendant wished to admit the violations, there is still a pending grand theft charge in Highlands County, Florida, which is part of the allegations of supervised release violations set forth in the Superseding Petition. Therefore, the Defendant wishes to stand mute and not admit the violations pending in this Superseding Petition. However, counsel for the Defendant did advise that the government has provided all the documentation in respect to this Superseding Petition prior to court. Counsel for the Defendant has reviewed all of these documents with the Defendant and stated that there is sufficient evidence to find that the Defendant has violated his supervised release in respect to the four violations set forth in the Superseding Petition by a preponderance of the evidence standard.

3. This Court admitted Government's Exhibit No. 1 which is the Memorandum from USPO Sutherland which sets forth the factual basis surrounding each of the four violations set forth in the Superseding Petition. This Court has considered that Memorandum, Government's Exhibit No. 1, in conjunction with the allegations set forth in the Superseding Petition which is also signed by USPO Sutherland under penalties

of perjury. Additionally, USPO Sutherland was present at the hearing and available for cross-examination. Counsel for the Defendant announced that she did not have any questions of USPO Sutherland. Further, counsel for the Defendant announced that the Defendant had no witnesses, evidence, or argument to submit in respect to the Superseding Petition and this final hearing.

4. This Court is satisfied that the Defendant understands the proceedings and the representations which were made by counsel for the Defendant standing next to him at the final hearing. This Court accepts the allegations set forth in the Superseding Petition as well as Government's Exhibit No. 1 as the evidence submitted by the government in respect to the pending violations of supervised release.

5. Based upon those allegations, this Court finds that the Defendant has violated his supervised release in respect to Violations Numbers 1 through 4 inclusive and finds that the government has met its burden to establish each of those violations by a preponderance of the evidence.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant be found to have violated his supervised release in respect to each of the violations set forth in the Superseding Petition and that this matter be set for sentencing for final disposition at the earliest convenience of the District Court.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L. Graham, the United States District Judge assigned to this case.

Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this 31st day of October, 2013, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

cc:
Hon. Donald L. Graham
AUSA Courtney Coker
AFPD Panayotta Augustin-Birch
U.S. Probation
U.S. Marshal